IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| ROBBIE LYNN HARDIN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:14-CV-0155 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION
TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

In this habeas corpus proceeding, petitioner ROBBIE LYNN HARDIN challenges a prison disciplinary ruling finding him guilty of violating prison regulations, and the resultant forfeiture of 30 days good time credit. For the following reasons, it is the opinion of the undersigned United States Magistrate Judge that petitioner's habeas application should be dismissed.

I.
PROCEEDINGS

Petitioner was charged in disciplinary case number 20140221726 with the offense of masturbating in public. At the disciplinary hearing, petitioner was found guilty and was assessed a punishment which included forfeiture of thirty (30) days accrued good time. Following the finding of guilty in the disciplinary proceeding, petitioner filed a Step 1 grievance which was

denied on May 6, 2014. Petitioner then filed a Step 2 grievance which was denied on June 12, 2014.

II.
PETITIONER'S ALLEGATIONS

Petitioner contends his rights were violated during the disciplinary proceeding as follows:

1. The disciplinary action was a "due process violation of double jeopardy" because the charging officer had already "ordered [Petitioner] to be restricted to his cell for the rest of the day" following the incident;

2. The investigation into the incident violated Petitioner's due process rights because it was conducted violation of TDCJ-ID rules and procedure;

3. Petitioner's due process rights were violated during the disciplinary hearing when the hearing officer did not take into consideration all of the facts; and

4. Petitioner's due process rights were violated when the Unit Classification Committee did not give him a fair opportunity to explain his case and further, ordered Petitioner's custody level lowered.

III.
MERITS

To prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply. There are, however, certain minimal due process provisions required to be satisfied. Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or

correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

The findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, the federal courts do not review the sufficiency of the evidence since a finding of guilt requires only the support of some facts, or any evidence at all. *Gibbs v. King*, 779 F.2d 1040, 1044 (5th Cir. 1986).

In this case, the Disciplinary Report and Hearing Record (the disciplinary record) attached to Petitioner's Memorandum and Brief in Support reflect petitioner received more than twenty-four (24) hours written notice of the disciplinary charge filed against him, having been notified of the hearing on April 8, 2014 at 5:25 a.m., with the disciplinary hearing taking place on April 9, 2014 at 9:15 a.m. The disciplinary record reflects petitioner was represented by counsel substitute and also reflects that he had an opportunity to call and question witnesses and present documentary evidence. The hearing officer supported his finding of guilt by citing the offense report signed by the accusing officer and her testimony. The hearing officer set out the reasons for the assessment of the punishment, including the forfeiture of good time. The records in the instant cause establish petitioner received the procedural due process guaranteed by *Wolff*.

To the extent it could be argued that Petitioner's claims require further assessment, he fails to raise a viable double jeopardy claim. The double jeopardy clause applies in context of criminal proceedings, and prison disciplinary proceedings are not criminal proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) (recognizing that prison disciplinary proceedings are not criminal in nature); *Smith v. Jackson*, 2000 WL 1598124,

*1 (5th Cir.2000) (unpublished per curiam) (noting that the right to be free from double jeopardy does not apply to prison disciplinary proceedings). To the extent petitioner alleges violations of TDCJ procedure, namely the allegations of improper investigation, these claims even if true are merely alleged violations of TDCJ procedure and are not cognizable on federal habeas review since they fail to state a valid claim of constitutional deprivation. *Meyers v. Klavenhagen,* 97 F.3d 91, 94 (5th Cir. 1996); *see also Hernandez v. Estelle,* 788 F.2d 1154, 1158 (5th Cir. 1986), *reh'g denied,* 793 F.2d 1287 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Regarding classification, inmates have no protected federal liberty interest in their custodial classifications. *See Harper v. Showers,* 174 F.3d 716, 719 (5th Cir. 1999); *Moody v. Baker,* 857 F.2d 256, 257-58 (5th Cir. 1988); *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005); *Sandin*, 515 U.S. at 486.

Petitioner has not shown the challenged forfeiture of thirty (30) days of accumulated good conduct time was in violation of the United States Constitution. Petitioner is not entitled to federal habeas corpus relief.

IV.
RECOMMENDATION

Based upon the foregoing, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner ROBBIE LYNN HARDIN is without merit and should be, in all things, DISMISSED.

V.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 17th day of July, 2014.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* NOTICE OF RIGHT TO OBJECT \***

Any party may object to these proposed findings, conclusions and recommendation. In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(B), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(D). When service is made by mail or electronic means, three (3) days are added after the prescribed period. Fed. R. Civ. P. 6(e). Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).